REQUESTED BY: Dear Senator:
We are in receipt of your letter of February 7, 1978, wherein the Banking, Commerce Insurance Committee requests an opinion setting forth authority for creation of a `Consumer Protection Agency' within the office of the Attorney General. We first wish to state that the term `agency' has never been utilized by this office either formally or informally.
We do have a `Division of Consumer Protection' to which certain staff members have been assigned and whose duties are to enforce those laws dealing with the purchase and sale of goods and services to Nebraska residents.
Article 4, Section 1 of the Nebraska Constitution reads in part as follows:
 "The executive officers of the state shall be the Governor, Lieutenant Governor, Secretary of State, Auditor of Public Accounts, Treasurer, Attorney General and the heads of such other executive departments as set forth herein or as may be established by law. . . . Officers in the executive department of the state shall perform such duties as may be provided by law." (Emphasis added)
The Division of Consumer Protection has as its primary function enforcement of the Nebraska Consumer Protection Act, Section 59-1601, et seq., R.S.Supp., 1976, (hereinafter referred to as the N.C.P.A.), and the Uniform Deceptive Trade Practices Act, Section 87-301 et seq., R.S.Supp., 1976, (hereinafter referred to as the U.D.T.P.A.). This office has placed special emphasis on enforcement of the N.C.P.A. and in particular Section 1602 which reads:
 "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful."
Section 1608 of the N.C.P.A. authorizes the attorney general to initiate legal actions to restrain prohibited acts. That section reads as follows:
 "(1) The Attorney General may bring an action in the name of the state against any person to restrain and prevent the doing of any act prohibited by sections 59-1601 to 59-1622; and the prevailing party may, in the discretion of the court, recover the costs of such action including a reasonable attorney's fee.
 (2) The court may make such additional order or judgments as may be necessary to restore to any person, in interest any money or property, real or personal, which may have been acquired by means of any act prohibited in sections 59-1601 to 59-1622."
Sections 59-1610 and 1611 of the N.C.P.A. additionally and specifically authorizes action by the attorney general.
The U.D.T.P.A. also authorizes action by the attorney general. Section 87-303.05 of that act provides:
 "Whenever the Attorney General has cause to believe that a person has engaged in or is engaging in any deceptive trade practice or unconscionable act listed in section 87-302 or 87-303.01, he may apply for and obtain, in an action in any district court of this state, a temporary restraining order, or injunction, or both, pursuant to the rules of civil procedure, prohibiting such person from continuing such practices, or engaging therein, or doing any act in furtherance thereof. The court may make such orders or judgments as may be necessary to prevent the use or employment by such person of any such deceptive trade practice, or which may be necessary to restore to any other person any money or real or personal property which may have been acquired by means of any such practice.
 When the Attorney General has authority to institute a civil action or other proceeding pursuant to the provisions of sections 87-301 to 87-306, in lieu thereof, he may accept an assurance of discontinuance of any deceptive trade practice or unconscionable act listed in section 87-302 or 87-303.01. Such assurance may include a stipulation for the voluntary payment by the alleged violator of the costs of investigation by the Attorney General and of any amount or amounts necessary to restore to any person any money or real or personal property which may have been acquired by such alleged violator by means of any such practice. Proof by a preponderance of evidence of a violation of such assurance shall constitute prima facie evidence of a deceptive practice as listed in section 87-302 or 87-303.01 in any civil action or proceeding thereafter commenced by the Attorney General."
Additional authority is specifically granted to the attorney general in Sections 87-303.02 through 303.04 of the U.D.T.P.A.
In faithful performance of the constitutional duties imposed by Article 4, Section 1, members of the staff have been directed to investigate and prosecute violations of the N.C.P.A. and the U.D.T.P.A. For the sole purpose of office organization, three staff members are assigned to the `Division of Consumer Protection.' They are:
(1) An attorney who spends approximately 60% of his time on consumer protection matters; (2) a part-time investigator; and, (3) a part-time secretary.
While the U.D.T.P.A. was substantially amended in 1974 by LB 327, which bill was part of a package of consumer protection legislation offered by Senator Waldron, it does not in any manner create a consumer protection agency. Neither does the N.C.P.A. which was also passed in 1974. Both of these Acts, however, authorize the attorney general to investigate and prosecute unfair and deceptive practices.
We thus would state in response to your letter that it is our belief that you have erroneously presumed that this office has `created a Consumer Protection Agency.' Staffing and designation of a `Division of Consumer Protection' was done with intent to faithfully and vigorously enforce statutes enacted by the Legislature prohibiting certain acts and practices in the purchase and sale of goods and services.
We trust this is in full response to your request. Please advise if we can be of further assistance.